UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS (Western Division)

| | | |
|---|---|---|
| U.S. BANCORP EQUIPMENT FINANCE EXCHANGE CO., as assignee of U.S. BANCORP EQUIPMENT FINANCE, INC. VENDOR FINANCE GROUP | ) ) ) ) | **07 C 7157** |
| | ) Case No. | |
| Plaintiff, | ) ) | |
| v. | ) ) | **JUDGE KENNELLY** **MAGISTRATE JUDGE COLE** |
| YOUNG CONSTRUCTION & PAVING, LLC, GORDON T. YOUNG and JEFFREY D. YOUNG, | ) ) ) ) | |
| Defendants. | ) ) | |

**VERIFIED COMPLAINT FOR REPLEVIN AND MONEY DAMAGES**

NOW COMES U.S. BANCORP EQUIPMENT FINANCE EXCHANGE CO., as assignee of U.S. BANCORP EQUIPMENT FINANCE, INC. - VENDOR FINANCE GROUP ("US BANCORP"), by and through counsel, and for its Verified Complaint for Replevin and Money Damages against YOUNG CONSTRUCTION & PAVING, LLC ("YOUNG CONSTRUCTION, GORDON T. YOUNG ("GORDON YOUNG") and JEFFREY D. YOUNG ("JEFFREY YOUNG"), states as follows:

**PARTIES**

1. US BANCORP is an Oregon corporation authorized to do business in Illinois and with its principal place of business located at 13010 SW 68th Pkwy., Suite 100, Portland, Oregon 97223.

2. YOUNG CONSTRUCTION is an Illinois limited liability company with its principal place of business located at 24711 Emerson Rd., Sterling, Illinois 61081.

3. GORDON YOUNG is a citizen of the State of Texas with an address of 1215

Magnolia Dr., Carrollton, Texas 75007. GORDON YOUNG is a member of YOUNG CONSTRUCTION and was domiciled in Texas when the agreements which are the subject of this action were entered. GORDON YOUNG guaranteed the contract which was performed in Illinois and has received an economic benefit in Illinois by virtue of his operation and ownership of YOUNG CONSTRUCTION. US BANCORP would not have entered the transactions described herein without his financial commitment.

4. JEFFREY YOUNG is a citizen of the State of Illinois with an address of 24711 Emerson Rd., Sterling, Illinois 61081. JEFFREY YOUNG is a member of YOUNG CONSTRUCTION.

## JURISDICTION AND VENUE

5. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 by virtue of the fact that a substantial part of the events or omissions giving rise to US BANCORP's claim occurred in this district.

## BACKGROUND

7. On or about July 6, 2005, US BANCORP entered into the Master Lease Agreement (the "Agreement") with YOUNG CONSTRUCTION for the lease of equipment. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

8. Also on July 6, 2005, US BANCORP and YOUNG CONSTRUCTION entered into Schedule No. 648045A-022-30717-001 ("Lease Schedule") for the lease of certain equipment, to

wit: One (1) Komatsu D155AX-5 Crawler Dozer (the "Equipment"). A true and correct copy of the Lease Schedule is attached hereto as Exhibit 2. The Lease Schedule obligated YOUNG CONSTRUCTION to pay thirty-six (36) consecutive monthly payments each in the amount of $5,680.60. See Lease Schedule.

9. To secure payment and performance of all obligations owed by YOUNG CONSTRUCTION to US BANCORP under the Agreement, YOUNG CONSTRUCTION granted US BANCORP a security interest in the Equipment. A true and correct copy of the UCC-1 Financing Statement evidencing US BANCORP's status as first lienholder in the Equipment is attached hereto as Exhibit 3.

10. YOUNG CONSTRUCTION executed a Certificate of Authority to verify that it had the corporate power to enter into the Master Lease Agreement with US BANCORP. See Exhibit 4 attached hereto.

11. YOUNG CONSTRUCTION certified and acknowledged that the Equipment was delivered and accepted for all purposes. See Delivery and Acceptance Certificate, attached hereto as Exhibit 5.

**COUNT I**
**BREACH OF CONTRACT AGAINST YOUNG CONSTRUCTION**

12. US BANCORP repeats and realleges Paragraphs 1 through 11 as though fully set forth herein as paragraph 12 of Count I of its Complaint.

13. US BANCORP performed all of its obligations under the Agreement

14. YOUNG CONSTRUCTION has defaulted under the terms of the Agreement by failing and refusing to make the payment due in August 2007, and all payments due thereafter.

15. YOUNG CONSTRUCTION's failure to make payment when due constitutes an Event of Default as defined in the Agreement. See Agreement, ¶ 13. The Agreement provides that in the event of default, US BANCORP shall have the right to...

    (e) Recover all of the following: (i) any accrued and unpaid rent, plus (ii) the present value of all future rentals reserved in the Lease and contracted to be paid over the unexpired term of the Lease, discounted at the rate of six percent (6%), plus, (iii) the anticipated residual value of the Property as of the expiration of this Lease or any renewal thereof...

See Agreement, ¶ 14(e).

16. The accrued amount of installments due under the Agreement is $23,858.52. The present value of the remaining payments to become due is $58,737.40, using a discount rate of 6%. The anticipated residual value of the Equipment as of the expiration of the Agreement is $56,312.50. Thus, the total discounted balance due is $138,908.42. See Paragraph 14(e) of the Agreement.

17. US BANCORP is entitled to late payment charges in the amount of $1,136.12 pursuant to Paragraph 3 of the Agreement.

18. For the monies due under the Agreement, US BANCORP is entitled to pre-judgment interest at the rate of 15% per annum or the highest rate permitted by law pursuant to Paragraph 14(e)(vi) of the Agreement.

19. US BANCORP is also entitled to attorneys' fees and costs pursuant to Paragraph 16 of the Agreement.

20. US BANCORP has made demand upon YOUNG CONSTRUCTION for the payments past due and owing under the Agreement, but YOUNG CONSTRUCTION has failed and refused to make payment.

## COUNT II
## BREACH OF GUARANTY AGAINST GORDON YOUNG

21. US BANCORP repeats and realleges Paragraphs 1 through 20 as though fully set forth herein as paragraph 21 of Count II of its Complaint.

22. To induce US BANCORP to enter into the Agreement, GORDON YOUNG executed a Personal Guaranty. See Exhibit 6 attached hereto. The Personal Guaranty provides in part:

> The UNDERSIGNED ("GUARANTOR"), INTENDING TO BE LEGALLY BOUND, HEREBY JOINTLY AND SEVERALLY GUARANTEES THE FULL, PROMPT, COMPLETE AND FINAL PAYMENT AND PERFORMANCE OF ALL THE OBLIGOR'S OBLIGATIONS PURSUANT TO THE AGREEMENTS OR IN ANY WAY ARISING THEREFROM AND ANY AND ALL OTHER OBLIGATIONS AND LIABILITIES OF OBLIGOR TO CREDITOR, WHETHER NOW IN EXISTENCE OR ARISING HEREAFTER, DIRECT OR INDIRECT, CONTINGENT OR ABSOLUTE, MATURED OR UNMATURED, SECURED OR UNSECURED, AND HOWEVER CONTRACTED OR ARISING (ALL SUCH OBLIGATIONS AND LIABILITIES BEING HEREINAFTER CALLED THE "OBLIGATIONS").

See Guaranty, ¶ 1.

23. Under the Personal Guaranty of GORDON YOUNG, GORDON YOUNG is indebted to US BANCORP for the amounts set forth herein.

24. GORDON YOUNG has failed and refused to make payments due and owing under the Personal Guaranty.

## COUNT III
## BREACH OF GUARANTY AGAINST JEFFREY YOUNG

25. US BANCORP repeats and realleges Paragraphs 1 through 24 as though fully set forth herein as paragraph 25 of Count III of its Complaint.

26. To induce US BANCORP to enter into the Agreement, JEFFREY YOUNG executed a Personal Guaranty. See Exhibit 7 attached hereto. The Personal Guaranty provides in part:

The UNDERSIGNED ("GUARANTOR"), INTENDING TO BE LEGALLY BOUND, HEREBY JOINTLY AND SEVERALLY GUARANTEES THE FULL, PROMPT, COMPLETE AND FINAL PAYMENT AND PERFORMANCE OF ALL THE OBLIGOR'S OBLIGATIONS PURSUANT TO THE AGREEMENTS OR IN ANY WAY ARISING THEREFROM AND ANY AND ALL OTHER OBLIGATIONS AND LIABILITIES OF OBLIGOR TO CREDITOR, WHETHER NOW IN EXISTENCE OR ARISING HEREAFTER, DIRECT OR INDIRECT, CONTINGENT OR ABSOLUTE, MATURED OR UNMATURED, SECURED OR UNSECURED, AND HOWEVER CONTRACTED OR ARISING (ALL SUCH OBLIGATIONS AND LIABILITIES BEING HEREINAFTER CALLED THE "OBLIGATIONS").

See Guaranty, ¶ 1.

27. Under the Personal Guaranty of JEFFREY YOUNG, JEFFREY YOUNG is indebted to US BANCORP for the amounts set forth herein.

28. JEFFREY YOUNG has failed and refused to make payments due and owing under the Personal Guaranty.

## COUNT IV
## REPLEVIN AGAINST YOUNG CONSTRUCTION
## AND GORDON YOUNG AND JEFFREY YOUNG

29. US BANCORP repeats and realleges Paragraphs 1 through 28 as though fully set forth herein as paragraph 29 of Count IV of its Complaint.

30. US BANCORP possesses an ownership interest in the Equipment, and is lawfully entitled under Paragraph 14(a) and (b) of the Agreement and Article 9 of the Illinois Uniform Commercial Code, at 810 ILCS 5/9-101, *et seq.*, to the immediate possession of the Equipment as a result of YOUNG CONSTRUCTION's default under the Agreement.

31. YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG are wrongfully in possession and control of the Equipment

32. US BANCORP has been unable to secure possession of its Equipment through

peaceful means, and therefore claims immediate return of same, or its value thereof.

33. YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG's wrongful conduct has deprived US BANCORP of the use and benefit of US BANCORP's Equipment, and US BANCORP has been damaged thereby.

34. US BANCORP has demanded return of the Equipment from YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG, but YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG have failed and refused to return same.

35. Upon information and belief, the Equipment is located at 24711 Emerson Rd., Sterling, Illinois 61081.

36. Upon information and belief, the Equipment is valued at $127,500.00, depending on its condition.

37. The Equipment has not been taken for any tax, assessment or fine levied by virtue of the law of this state against property of US BANCORP, or against US BANCORP, individually, nor seized under any lawful process against the goods and chattels of US BANCORP subject to such lawful process nor held by virtue of any order of replevin against US BANCORP.

### COUNT V
### DETINUE AGAINST YOUNG CONSTRUCTION
### AND GORDON YOUNG AND JEFFREY YOUNG

38. US BANCORP repeats and realleges Paragraphs 1 through 37 as though fully set forth herein as paragraph 38 of Count V of its Complaint

39. US BANCORP possesses an ownership interest and is lawfully entitled to the Equipment described herein.

40. YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG are

wrongfully retaining possession of the Equipment, because YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG have defaulted under the terms of the Agreement by failing to make timely payments when due, and because YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG have no right, title or interest in the Equipment. Under the terms of the Agreement, YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG are required to surrender the Equipment to US BANCORP. See Agreement, ¶¶ 14(a) and (b).

41. Upon information and belief, the Equipment is in YOUNG CONSTRUCTION, GORDON YOUNG and/or JEFFREY YOUNG's possession and control.

42. US BANCORP has demanded return of the Equipment from YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG, but YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG have failed and refused to return same.

WHEREFORE, U.S. BANCORP EQUIPMENT FINANCE EXCHANGE CO., as assignee of U.S. BANCORP EQUIPMENT FINANCE, INC. - VENDOR FINANCE GROUP respectfully requests that this Court enter Judgment in its favor and against YOUNG CONSTRUCTION & PAVING, LLC, GORDON T. YOUNG and JEFFREY D. YOUNG, jointly and severally, as follows:

    a) Awarding $138,908.42 for the total discounted balance due for all past due installments and future installments to become due under the Agreement;

    b) Awarding late charges in the amount of $1,136.12;

    c) Awarding prejudgment interest at the rate of 15% per annum from the date of default until the date of judgment;

    d) Entering an order compelling Defendants YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG to surrender the Equipment to US BANCORP at a place and time directed by US BANCORP within fourteen (14) days of this Court's entry of judgment

e) Directing the Federal Marshall, or any other designated officer to, after fourteen (14) days from the date of entry of judgment, use all necessary force to repossess the Equipment, or any part thereof, from YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG at 24711 Emerson Rd., Sterling, Illinois 61081, or wherever it may be found, or in the alternative, at plaintiff's discretion, to enter judgment against YOUNG CONSTRUCTION, GORDON YOUNG and JEFFREY YOUNG's for the value of the Equipment;

f) Awarding US BANCORP its attorneys' fees and costs; and

g) Awarding US BANCORP such other and further relief as this Court deems just.

U.S. BANCORP EQUIPMENT FINANCE EXCHANGE CO., as assignee of U.S. BANCORP EQUIPMENT FINANCE, INC. - VENDOR FINANCE GROUP

By: s/C. Randall Woolley
One of Its Attorneys

Thomas V. Askounis, Esq. (ARDC# 00077720)
C. Randall Woolley, Esq. (ARDC# 06280067)
ASKOUNIS & BORST, P.C.
180 N. Stetson St., Suite 3400
Chicago, IL 60601
312/861-7100
312/861-0022 (Facsimile)
U:\RWoolley\US Bancorp\Young Construction\Complaint.wpd

9